Joyce CHAVEZ, Plaintiff—Appellant,

v.

COUNTY OF SAN DIEGO, Defendant—Appellee.

No. 04–55092.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.*

Decided April 7, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

James E. Dunn, Esq., Attorney at Law, San Diego, CA, for Plaintiff–Appellant.

Stephanie E. Kish, Esq., Office of the County Counsel, San Diego, CA, for Defendant–Appellee.

Before: KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM **

Joyce Chavez appeals the district court's summary judgment in her 42 U.S.C. § 1983 action against the County of San Diego for her treatment during her detention in the County women's jail. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Vinson v. Thomas*, 288 F.3d 1145, 1151–52 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment with respect to Chavez's claim that the County had an unconstitutional policy or practice of failing to accommodate the disability needs of its "book and release" detainees under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA").

First, insofar as Chavez seeks to enforce her rights under the ADA and RA through a 42 U.S.C. § 1983 action, she is clearly precluded from doing so under this court's ruling in *Vinson v. Thomas*, 288 F.3d at 1155.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Second, the district court properly held that Chavez's Fourteenth Amendment and ADA and RA claims were not properly before the court, as they were not raised at any time before her opposition to the County's motion for summary judgment. Although we recognize that a party "need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case," *Sagana v. Tenorio*, 384 F.3d 731, 736–37 (9th Cir.2004), the County did not receive notice that its implementation of the ADA or RA would be at issue in this case, especially with respect to how the disability needs of "book and release" detainees are treated relative to "keepers". Thus, the district court did not abuse its discretion in concluding that allowing Chavez to proceed with her ADA and RA theories after the close of discovery would prejudice the County. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292–93 (9th Cir.2000).

Nor did the district court abuse its discretion in excluding from evidence the information in Chavez's interrogatory responses because they were untimely filed without a showing of good cause, and district courts have broad discretion in managing their dockets and enforcing their scheduling orders. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609–10 (9th Cir.1992).

AFFIRMED.